Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BRIAN ECHARD, on behalf of himself and
all others similarly situated,

        Plaintiff,

      v.

WELLS FARGO BANK, N.A., and WELLS
FARGO & CO.,

        Defendants.

NO.  2:21-cv-00112-JCC

DEFENDANTS' MOTION TO DISMISS

NOTED ON MOTION CALENDAR:
Friday, May 7, 2021

DEFENDANTS' MOTION TO DISMISS
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS ...........................................................................................3

    A.    The COVID-19 Pandemic ...............................................................................3

    B.    Plaintiff's Mortgage Loan ...............................................................................3

III. LEGAL STANDARD ..................................................................................................4

IV. ARGUMENT ..............................................................................................................5

    A.    Plaintiff Fails to State a Claim under SCRA ...................................................6

        1.    SCRA applies to servicemembers only while serving in the military or soon thereafter.................................................................6

        2.    Section 3953 applies only to loans originated *before* active duty service. ..............................................................................7

        3.    Section 3953 applies only to a "sale, foreclosure, or seizure of property," not forbearance. .............................................8

        4.    Section 3919 applies only to adverse actions taken *because of* the servicemember's exercise of rights under SCRA. ....................9

    B.    Wells Fargo Owed No Fiduciary Duty to Plaintiff or the Putative Class Members ...............................................................................10

    C.    The Contract Claims Fail Because Plaintiff Does Not Identify a Contractual Provision that Was Violated....................................................12

        1.    The Complaint fails to identify any contractual provision that was violated. ..............................................................................13

        2.    Ohio law does not recognize an independent claim for breach of the implied warranty of good faith and fair dealing. ................14

    D.    The Economic Loss Rule Bars Plaintiff's Claims for Fraud, Unjust Enrichment, and Negligence.....................................................15

    E.    Plaintiff Fails to State a Claim for Fraud .....................................................16

        1.    Plaintiff fails to plead fraud with particularity..............................16

DEFENDANTS' MOTION TO DISMISS - i
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

2.     Plaintiff fails to plead facts supporting a duty to disclose. ............17

F.     Plaintiff Fails to State a Claim under the Truth in Lending Act
       ("TILA") ........................................................................................18

       1.     TILA does not authorize a private cause of action against a
              loan servicer. ....................................................................18

       2.     Plaintiff fails to allege sufficient facts to state a claim for
              violation of TILA. ............................................................19

G.     Plaintiff Fails to State a Claim under the Real Estate Settlement
       Procedures Act ("RESPA") ...........................................................19

H.     Plaintiff Fails to State a Claim under the Fair Credit Reporting Act
       ("FCRA") .......................................................................................20

I.     Plaintiff Fails to State a Claim for Violation of the Ohio Deceptive
       Trade Practices Act ("ODTPA") .................................................22

J.     Wells Fargo & Co. Should Be Dismissed Because Plaintiff Has Not
       Pleaded Facts to Pierce the Corporate Veil..................................23

V. CONCLUSION ...............................................................................24

DEFENDANTS' MOTION TO DISMISS - ii
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

# TABLE OF AUTHORITIES

**Cases**

*Acevedo v. Deutsche Bank*,
  2012 WL 12893521 (C.D. Cal. Dec. 6, 2012) ............................................................19

*Amato v. Mortgage Investors Corp. of Ohio*,
  No. 5:12cv148, 2013 U.S. Dist. LEXIS 200561 (M.D. Fla. Mar. 19, 2013)...............11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................5, 19, 20

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983).......................................................................................................5

*Blon v. Bank One, Akron, N.A.*,
  519 N.E.2d 363 (Ohio 1988)........................................................................................17

*Brakefire, Inc. v. Overbeck*,
  878 N.E.2d 84 (Ohio Ct. Com. Pl. 2007)....................................................................14

*Campidoglio LLC v. Wells Fargo & Co.*,
  2012 WL 4514333 (W.D. Wash. Oct. 2, 2012) .............................................................1

*Childress v. JPMorgan Chase & Co.*,
  2019 WL 2865848 (E.D.N.C. July 2, 2019) ................................................................11

*Citigroup Inc. v. AHW Inv. P'ship*,
  140 A.3d 1125 (Del. 2016) ..........................................................................................23

*Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*,
  835 N.E.2d 701 (Ohio 2005).......................................................................................15

*Coward v. JP Morgan Chase Bank, Nat'l. Ass'n.*,
  2012 WL 2263359 (E.D. Cal. June 15, 2012) ...............................................................8

*Crosse v. BCBSD, Inc.*,
  836 A.2d 492 (Del. 2003) ............................................................................................23

*Dae Hyuk Kwon v. Santander Consumer USA*,
  742 F. App'x 537 (2d Cir. 2018) ...................................................................................9

*Davis v. City of Philadelphia*,
  821 F.3d 484 (3d Cir. 2016)...........................................................................................6

DEFENDANTS' MOTION TO DISMISS - i
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Dawson v. Blockbuster, Inc.*,
   2006 WL 1061769 (Ohio Ct. App. Mar. 16, 2006) ....................................................14

*De Dios v. International Realty & Investments*,
   641 F.3d 1071 (9th Cir. 2011) ................................................................ 8-9

*Doberstein v. G-P Indus., Inc.*,
   C.A. No. 9995-VCP, 2015 WL 6606484 (Del. Ch. Oct. 30, 2015)............................23

*First Choice Federal Credit Union v. Wendy's Company*,
   2017 WL 9487086 (W.D. Pa. Feb. 13, 2017) ............................................22

*Forsythe v. BancBoston Mortg. Corp.*,
   135 F.3d 1069 (6th Cir. 1997) ................................................................10

*Friends of Del Norte v. Cal. Dep't of Transp.*,
   No. 3:18-cv-00129-JD, 2020 WL 1812175 (N.D. Cal. Apr. 9, 2020)..........................5

*Gale v. First Franklin Loan Servs.*,
   701 F.3d 1240 (9th Cir. 2012) ...........................................................18, 19

*In re Gilead Sci. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................ 4-5

*Gorman v. Wolpoff & Abramson, LLP*,
   584 F.3d 1187 (9th Cir. 2009) ................................................................21

*Harris v. Am. Postal Workers Union*,
   198 F.3d 245, 1999 WL 993882 (6th Cir. Oct. 19, 1999) (per curiam)......................13

*Heartland of Urbana OH, L.L.C. v. McHugh Fuller Law Group, P.L.L.C.*,
   72 N.E.3d 23 (Ohio Ct. App. 2016)............................................................22

*Heejoon Chung v. U.S. Bank, N.A.*,
   250 F. Supp. 3d 658 (D. Ha. 2017)............................................................7

*HSBC Bank USA, N.A. v. Matt*,
   981 N.E.2d 710 (Mass. 2013) ................................................................ 6-7

*Johnson v. Riverside Healthcare Sys.*,
   534 F.3d 1116 (9th Cir. 2008) ................................................................4

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ................................................................16

*Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*,
   933 F. Supp. 2d 974 (S.D. Ohio 2013) ......................................................14

DEFENDANTS' MOTION TO DISMISS - ii
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Leitner v. Sadhana Temple of N.Y., Inc.*,
   No. CV 13-07902 MMM (Ex), 2014 WL 12588643 (C.D. Cal. Oct. 14, 2017) .........23

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118 (2014)..............................................................................................22

*Lippy v. Soc'y Nat'l Bank*,
   100 Ohio App. 3d 37, 651 N.E.2d 1364 (Ohio Ct. App. 1995) ...................................11

*Lucarell v. Nationwide Mutual Insurance Co.*,
   97 N.E.3d 458 (Ohio 2018)....................................................................................14

*Marceau v. Blackfeet Hous. Auth.*,
   540 F.3d 916 (9th Cir. 2008) ..................................................................................4

*Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l. LLC*,
   632 F.3d 1056 (9th Cir. 2011) ................................................................................5

*Matthews v. U.S. Bank National Association*,
   2017 WL 3310941 (Ohio Ct. App. Aug. 3, 2017) ......................................................13

*McCraig v. Wells Fargo Bank (Texas), N.A.*,
   788 F.3d 463 (5th Cir. 2015) ..................................................................................8

*McGreevey v. PHH Mortgage Corporation*,
   897 F.3d 1037 (9th Cir. 2018) .............................................................................2, 6

*Murphy v. Bank of America*,
   2012 WL 5954144 (N.D. Ala. Nov. 28, 2012) .........................................................9

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ..................................................................................4

*Nelson v. Chase Manhattan Mortgage Corp.*,
   282 F.3d 1057 (9th Cir. 2002) ................................................................................21

*Patrick v. CitiMortgage, Inc.*,
   676 F. App'x 573 (6th Cir. 2017) ............................................................................14

*Pavlovich v. Nat'l City Bank*,
   435 F.3d 560 (6th Cir. 2006) ..................................................................................15

*Rank v. Nimmo*,
   677 F.2d 692 (9th Cir. 1982) ..................................................................................11

*Satre v. Wells Fargo Bank, N.A.*,
   771 F. App'x 387 (9th Cir. 2019) ............................................................................21

DEFENDANTS' MOTION TO DISMISS - iii
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

*Schory & Sons, Inc. v. Society Nat'l Bank*,
    662 N.E.2d 1074 (Ohio 1996) ................................................................10

*Shackelford v. Virtu Investments, LLC*,
    2019 WL 4879158 (E.D. Cal. Oct. 3, 2019) .........................................7

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ..............................................................5

*Stoler v. Pennymac Loan Servs., LLC*,
    Case No. 2:18-cv-00988, 2019 WL 5106417 (S.D.W.Va. Oct. 11, 2019) ................20

*Tanner v. Wells Fargo Bank, N.A.*,
    2020 WL 7263292 (N.D. Ohio Dec. 10, 2020) .................................11, 14

*Torrance v. Rom*,
    157 N.E.3d 172 (Ohio Ct. App. 2020) ...............................................22

*United States v. Bestfoods*,
    524 U.S. 51 (1998) ..............................................................................23

*Vignolo v. Miller*,
    120 F.3d 1075 (9th Cir. 1999) ............................................................4

*Warren v. Fox Family Worldwide, Inc.*,
    328 F.3d 1136 (9th Cir. 2003) ............................................................5

*Warren v. Percy Wilson Mortg. & Finance Corp.*,
    472 N.E. 2d 364 (Ohio Ct. App. 1984) .............................................10

*Williams v. First Merit Bank, N.A.*,
    2003 WL 22015582 (Ohio Ct. App. Aug. 27, 2003) ........................10

*Williams v. Kia of Bedford*,
    104 N.E.3d 924 (Ohio Ct. App. 2018) ...............................................17

*Williams v. Richland County Children Servs.*,
    861 F. Supp. 2d 874 (N.D. Ohio 2011) ..............................................13

*Williams v. U.S. Bank Nat'l. Ass'n.*,
    2013 WL 571844 (C.D. Cal. Feb. 13, 2013) .......................................8

*Young v. Carrier Corp.*,
    2014 WL 6617650 (N.D. Ohio 2014) .................................................15

DEFENDANTS' MOTION TO DISMISS - iv
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**Statutes**

15 U.S.C. § 1639f ...................................................................................................18

15 U.S.C. § 1640 ....................................................................................................18

15 U.S.C. § 1641 ....................................................................................................18

15 U.S.C. § 1681s-2 ..........................................................................................20, 21

50 U.S.C. § 3902 .................................................................................................1, 6

50 U.S.C. § 3911 .................................................................................................6, 7

50 U.S.C. § 3953 .................................................................................................7, 8

50 USC § 3919 ..............................................................................................6, 9, 10

CARES Act, Pub. L. 116-136, § 4022(b), 134 Stat. 281, 490 ................................2, 3, 10

FCRA .............................................................................................................21, 22

Fed. R. Civ. P. 9(b) .................................................................................................16

Fed. R. Civ. P. 12(b)(6) .......................................................................................4, 24

Lanham Act ...........................................................................................................22

Ohio Deceptive Trade Practices Act ("ODTPA") .................................................22, 22

RESPA ..............................................................................................................19, 20

SCRA ........................................................................................................... *passim*

TILA ..................................................................................................................18, 19

**Other Authorities**

12 C.F.R. § 1024.31 ................................................................................................20

12 C.F.R. § 1024.40 ................................................................................................19

12 C.F.R. § 1024.41 ...........................................................................................19, 20

12 C.F.R. § 1026.36 ................................................................................................18

12 C.F.R. § 1026.41 ................................................................................................18

DEFENDANTS' MOTION TO DISMISS - v
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

38 C.F.R. § 36.4278 ...................................................................................................19

38 C.F.R. § 36.4300, *et seq.* ....................................................................................11

H.R. Rep. No. 104–193 (1995) ................................................................................18

U.S. Dep't of Defense, Servicemember Civil Relief Act (SCRA) Website,
    https://scra.dmdc.osd.mil/scra/#/home......................................................... 6-7

U.S. Dep't of Veterans Affairs, VA Servicer Handbook M26-4, *available at*
    https://www.benefits.va.gov/WARMS/M26_4.asp ....................................11

DEFENDANTS' MOTION TO DISMISS - vi
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## I.  INTRODUCTION

Plaintiff, an Ohio resident, filed this purported class action alleging Wells Fargo Bank, N.A. ("Wells Fargo") placed his VA-backed mortgage loan in forbearance—essentially, a temporary suspension of his monthly payment obligation—without his informed consent.[1] He also seeks to challenge certain mortgage-servicing practices Wells Fargo allegedly adopted during the coronavirus pandemic and accompanying economic turmoil to provide immediate financial relief to customers.  Plaintiff asserts he is entitled to special treatment from Wells Fargo, either under the protections enumerated in the Servicemembers Civil Relief Act ("SCRA") or due to a fiduciary relationship between Wells Fargo and its servicemember borrowers.  Plaintiff seeks to represent three classes of Wells Fargo customers whose mortgages were allegedly placed in forbearance without consent:  a nationwide class of military customers, a nationwide class of all customers, and an Ohio class of customers.

But Plaintiff is not a member of the military.  Instead, he retired from the military over 15 years ago.  Plaintiff admits he left military service in 2005. Compl. ¶ 70.  Thus, SCRA does not apply to Plaintiff on the face of his Complaint.  Further, SCRA only applies to mortgages that originated *before* a military member's active service.  Although omitted from his Complaint, Plaintiff obtained his mortgage loan with Wells Fargo in 2016 (attached as Exhibit A to Defendants' Request for Judicial Notice), over 10 years after his retirement. This document is an independently verifiable public record, recorded in the registry of deeds for Delaware County, Ohio.  Plaintiff's Complaint is premised on his mortgage and the Court should take judicial notice of it.  *Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 4514333, at *3 (W.D. Wash. Oct. 2, 2012) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  Accordingly, well established law holds that SCRA does not apply to Plaintiff or his mortgage.  50 U.S.C. § 3902;

---

[1] Wells Fargo & Co. ("WFC")—Wells Fargo's parent entity—is also named as a defendant. However, WFC is not a national bank, does not service mortgage loans, and is named only as a tagalong defendant. The claims as to WFC fail for the same reasons set forth below and because none of the allegations pertain directly to WFC.

DEFENDANTS' MOTION TO DISMISS - 1
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

*McGreevey v. PHH Mortgage Corporation*, 897 F.3d 1037, 1042 (9th Cir. 2018). Therefore, Plaintiff is neither representative nor typical of servicemembers or customers in the military.

Plaintiff asserts eleven counts against Wells Fargo, each of which should be dismissed for failure to state a viable claim for relief. In summary, the claims fail for the following reasons:

- **Violation of the Servicemembers Civil Relief Act:** SCRA is inapplicable because Plaintiff retired from the military in 2005, his mortgage originated long after his military service, and CARES Act forbearances are available to military and non-military borrowers.

- **Breach of Fiduciary Duty:** There is no bank-borrower fiduciary relationship under Ohio law, and case law does not support a special fiduciary duty to servicemembers.

- **Breach of Contract:** Plaintiff has not identified any provision of a contract with Wells Fargo that was breached.

- **Breach of the Implied Covenant of Good Faith and Fair Dealing:** There is no independent claim for breach of the covenant of good faith and fair dealing in Ohio.

- **Fraud, Unjust Enrichment, and Negligence:** These claims are barred by the economic loss doctrine, the fraud claim is not plead with particularity, and Plaintiff has not alleged facts sufficient to support a duty to disclose.

- **Violation of the Truth in Lending Act:** Claim fails due to insufficient allegations and because there is no private right of enforcement for the provisions asserted.

- **Violation of the Real Estate Settlement Procedures Act:** Claim fails due to insufficient allegations.

- **Violation of the Fair Credit Reporting Act:** Plaintiff does not allege he disputed his credit report with a consumer reporting agency.

- **Violation of the Ohio Deceptive Trade Practices Act:** Plaintiff has not adequately alleged a false representation was made by Wells Fargo or that he relied on the misrepresentation proximately resulting in damages.

Finally, Wells Fargo & Co.—Wells Fargo Bank's parent company—must be dismissed as a defendant because Plaintiff has not alleged facts sufficient to pierce the corporate veil.

DEFENDANTS' MOTION TO DISMISS - 2
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## II.  STATEMENT OF FACTS

### A.    The COVID-19 Pandemic

In late March 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") in response to the national COVID-19 pandemic. Pub. L. 116-136, §§ 4022(b), 4023, 134 Stat. 281, 490–92 (2020). The CARES Act includes provisions that allow mortgage servicers to provide forbearance relief to borrowers of federally backed mortgages experiencing hardship due to COVID-19. *See* Compl. ¶¶ 43–45. Specifically, under the CARES Act, these borrowers may obtain a forbearance for up to 180 days as well as an extension for up to another 180 days (for a total of 360 days). CARES Act, Pub. L. 116-136, § 4022(b), 134 Stat. 281, 490. The forbearance of mortgage payments does not forgive the borrower's obligation to make mortgage payments; instead, it temporarily suspends borrower's duty to make payments during the forbearance period. *See* Compl. ¶ 44. Borrowers can work with their loan servicer on how to address suspended payments in the long-term. Options may include repayment over time, loan modifications, payment deferrals, or paying back the forborne payments immediately.

### B.    Plaintiff's Mortgage Loan

Plaintiff resides in Ohio and has a mortgage loan serviced by Wells Fargo. *Id.* ¶ 69. Plaintiff is also a military veteran, having entered military service as an Army Reserves second lieutenant in 1996. *Id.* ¶ 70. Plaintiff left military service, however, in 2005. *Id.* Plaintiff obtained his mortgage loan with Wells Fargo eleven years later, in 2016.[2] Plaintiff's mortgage loan with Wells Fargo is a VA-backed mortgage. *Id.* ¶ 71.

In March 2020, Plaintiff alleges he "submitted an inquiry" to Wells Fargo about payment deferment options due to the pandemic. *Id.* ¶ 72. Wells Fargo directed him to the self-service options available for his account online. *Id.* ¶ 73. Plaintiff claims that, during and as a result of his visit to his online Wells Fargo account, Wells Fargo placed his mortgage into forbearance

---

[2] Although Plaintiff omits the date when he obtained the mortgage, pursuant to the authority cited in Defendants' Request for Judicial Notice filed contemporaneously herewith, the Court may take judicial notice of the mortgage instrument filed in the registry of deeds for Delaware County, Ohio. *See* Request for Judicial Notice & Ex. A thereto.

---

DEFENDANTS' MOTION TO DISMISS - 3
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

without his consent. *Id.* ¶ 74. Plaintiff alleges that on April 8, 2020, he received a "three-page letter" from Wells Fargo confirming his "short-term payment relief," without specifically using the term "forbearance." *Id.* ¶ 75. Plaintiff omits from his Complaint a copy of the April 8, 2020 letter, which is attached to Defendants' Request for Judicial Notice as Exhibit B. Contrary to Plaintiff's representations, the April 8 letter is four pages (not three) – the fourth page being entitled "**Forbearance Plan Agreement**" (original emphasis).[3] Plaintiff alleges that, despite the letter from Wells Fargo, he first learned of the forbearance when he attempted to refinance his mortgage in July and was denied. *Id.* ¶ 76.

Plaintiff alleges he resumed payments on his mortgage after he learned his account was in forbearance, but Wells Fargo "failed to properly (1) apply those mortgage payments; (2) report those payments to credit agencies; or (3) calculate information on subsequent periodic payments." *Id.* ¶ 79. Plaintiff does not elaborate further on these servicing allegations. Finally, Plaintiff alleges his credit score dropped from 747 to 673 in December 2020. *Id.* ¶ 80.

## III. LEGAL STANDARD

Under Rule 12(b)(6), a claim should be dismissed where it fails "to state a claim upon which relief can be granted." A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sci. Sec. Litig.*, 536

---

[3] Pursuant to the authority cited in Defendants' Request for Judicial Notice filed contemporaneously herewith, the Court may take judicial notice of Exhibit B, which Plaintiff incorporates by reference in his Complaint and quotes in part. *See* Request for Judicial Notice & Ex. B thereto.

DEFENDANTS' MOTION TO DISMISS - 4
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

F.3d 1049, 1056–57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide a framework for a complaint, legal conclusions need not be accepted as true, and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

The process of "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679; *see also Friends of Del Norte v. Cal. Dep't of Transp.*, No. 3:18-cv-00129-JD, 2020 WL 1812175, at *2 (N.D. Cal. Apr. 9, 2020). As a result, courts do not assume the plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated ... laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Because Plaintiff's claims concern his mortgage serviced by Wells Fargo on his residence located in Ohio, this Court must look to Ohio law for each of the state law claims asserted in the Complaint. *Mason and Dixon Intermodal, Inc. v. Lapmaster Int'l. LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011) ("When a district court ... hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims.").

## IV. ARGUMENT

The core of Plaintiff's Complaint is his contention that borrowers in military service are entitled to special treatment from Wells Fargo, either by virtue of their rights under the Servicemembers Civil Relief Act ("SCRA") or due to a special heightened fiduciary relationship between servicemember borrowers and banks. Neither claim has merit in the context of this case; and, even if they did, Plaintiff cannot claim either benefit because he is a veteran, not a current servicemember. The rest of the eleven counts in Plaintiff's shotgun-approach Complaint also fail.

DEFENDANTS' MOTION TO DISMISS - 5
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

**A.      Plaintiff Fails to State a Claim under SCRA**

SCRA was enacted "to enable [servicemembers of the United States] to devote their entire energy to the defense needs of the Nation," and "to provide for temporary suspension" of certain judicial proceedings and transactions "that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902. "The SCRA accomplishes Congress's purposes 'by imposing limitations on judicial proceedings that could take place while a member of the armed forces is on active duty.'" *McGreevey v. PHH Mortgage Corporation*, 897 F.3d 1037, 1042 (9th Cir. 2018).  Plaintiff, however, is not a member of the military. Plaintiff admits he retired 15 years ago.  *Id.* ¶ 70.  Thus, SCRA is entirely inapplicable.

More specifically, Plaintiff alleges Wells Fargo violated two provisions of SCRA: § 3953, which prohibits the sale, foreclosure, or seizure of a servicemember's property during or soon after active duty; and § 3919, which prohibits certain adverse actions against servicemembers based on their exercise of rights under SCRA. Both claims should be dismissed. First, Plaintiff cannot invoke the protections of SCRA because (1) he is not a servicemember and (2) his mortgage was not obtained before his active duty service, but rather 11 years after his retirement. Second, the plain language of the cited provisions does not apply to forbearance.

**1.      SCRA applies to servicemembers only while serving in the military or soon thereafter.**

The protections of SCRA may only be invoked by servicemembers. *See Davis v. City of Philadelphia*, 821 F.3d 484, 488 (3d Cir. 2016) ("Moreover, the SCRA limits the class of persons who may petition a court for relief under the Act to those with 'servicemember' status."). SCRA defines "servicemember" as "a member of the uniformed services." 50 U.S.C. § 3911(1). Notably, this definition does not include *former* members of the uniformed services, except where the statute specifically provides that the protections continue temporarily for a designated period after military service ends.[4] *See HSBC Bank USA, N.A. v. Matt*, 981 N.E.2d

---

[4] In fact, the official Department of Defense Servicemembers Civil Relief Act (SCRA) Website states: "SCRA is a program that provides certain protections in lending for servicemembers *who are called to Active Duty.*" *See* U.S.

DEFENDANTS' MOTION TO DISMISS - 6
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

710, 714 & n.2 (Mass. 2013) ("Servicemembers enjoy the protections of the SCRA while they are in active military service ... and for a designated period of time thereafter.") (citing 50 U.S.C. § 3911(2) and 50 U.S.C. § 3953(b)); 50 U.S.C. § 3953(b) (temporarily extending protection to one year after the period of military service). Courts have therefore dismissed SCRA claims asserted by veterans. *See, e.g.*, *Shackelford v. Virtu Investments, LLC*, 2019 WL 4879158, at *2 (E.D. Cal. Oct. 3, 2019) (holding SCRA was not applicable where "Plaintiff [did] not allege she is on active military duty" but instead alleged she was a veteran), *report and recommendation adopted*, 2019 WL 6467752 (E.D. Cal. Dec. 2, 2019)).

Moreover, beyond the issue of SCRA's general applicability, one of the SCRA sections under which Plaintiff asserts his claim is expressly limited to the servicemember's period of military service or shortly thereafter. Section 3953, which Plaintiff claims Wells Fargo violated by placing his mortgage in forbearance, only applies "[i]n an action filed during, or within one year after, a servicemember's period of military service." 50 U.S.C. § 3953(b).

Plaintiff admits he is not a servicemember; he "is a military veteran," having left service in 2005. Compl. ¶ 70. Thus, Plaintiff has not been a servicemember entitled to invoke the protections of SCRA for over a decade. This action, filed in 2021, is not an action filed during or within one year after his period of military service. This Court should dismiss Plaintiff's SCRA claim with prejudice for that reason. *See Shackelford*, 2019 WL 6467752, at *1–2 (dismissing SCRA claim with prejudice where Plaintiff alleged she was a veteran).

### 2. Section 3953 applies only to loans originated *before* active duty service.

Furthermore, even if SCRA did apply to veterans, § 3953 applies only to mortgages originated *before* the servicemember entered active duty. *See, e.g.*, *Heejoon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 677 (D. Ha. 2017) (holding Section 3953 did not apply "because

---

Dep't of Defense, Servicemember Civil Relief Act (SCRA) Website, https://scra.dmdc.osd.mil/scra/#/home (last visited Apr. 1, 2021) (emphasis added). The website provides a record-searching system through which lenders may submit a record request to "obtain a report certifying Title 10 active duty status for provisions under SCRA." *Id.*

---

DEFENDANTS' MOTION TO DISMISS - 7
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Plaintiff obtained the mortgage when he was already in active service"); *Williams v. U.S. Bank Nat'l. Ass'n.*, 2013 WL 571844, at * 5 (C.D. Cal. Feb. 13, 2013) ("It is clear from the plain terms of the statute that it applies only to mortgage loan obligations that originated *before* military service began."); *Coward v. JP Morgan Chase Bank, N.A.*, 2012 WL 2263359, at *5 (E.D. Cal. June 15, 2012) (holding SCRA applies only to contracts entered before military service).

Plaintiff alleges his period of military service began in 1996. Compl. ¶ 70. Plaintiff obtained his mortgage on September 20, 2016—20 years after his period of military service began. *See* Request for Judicial Notice, Ex. A. Thus, the protections of Section 3953 do not apply to Plaintiff's mortgage.

### 3.   Section 3953 applies only to a "sale, foreclosure, or seizure of property," not forbearance.

Section 3953 clearly does not apply to the alleged actions of Wells Fargo in this case. Plaintiff alleges Wells Fargo violated Section 3953 by placing his and the putative Nationwide Military Class members' mortgages in forbearance without their informed consent. Compl. ¶ 113. Plaintiff asserts that "[p]utting current or recent active duty servicemembers into forbearance is counter to the provision of SCRA giving one year of security against sale or foreclosure." *Id.* at ¶ 111 (citing 50 U.S.C. § 3953).

Section 3953 provides: "A sale, foreclosure, or seizure of property for a breach of an obligation described in subsection (a) shall not be valid if made during, or within one year after, the period of the servicemember's military service" unless certain conditions are met. 50 U.S.C. § 3953. The plain language of this provision applies only to a "sale, foreclosure, or seizure of property." Placing a mortgage in forbearance is not a sale, foreclosure, or seizure of property. In fact, forbearance is the *exact opposite* of a sale or foreclosure: it is designed to provide *relief* from a loan obligation and the threat of foreclosure. *See McCraig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 477 (5th Cir. 2015) (recognizing that, under forbearance agreement, home loan servicer gave up right to foreclose); cf. *De Dios v. International Realty & Investments*, 641

DEFENDANTS' MOTION TO DISMISS - 8
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

1
2
3
F.3d 1071, 1075 (9th Cir. 2011) (describing a debtor as being "in default under the mortgage

[but] not in default under the forbearance agreement").

Plaintiff does not and cannot allege Wells Fargo sold, foreclosed, or seized his or any

putative class member's property; therefore, it fails to state a claim under Section 3953.

### 4. Section 3919 applies only to adverse actions taken *because of* the servicemember's exercise of rights under SCRA.

Similarly, the plain language of Section 3919 does not apply to the facts alleged in the

Complaint. Section 3919 provides:

> Application by a servicemember for, or receipt by a servicemember of, a stay, postponement, or suspension *pursuant to this chapter* in the payment of a . . . civil obligation or liability of that servicemember shall not itself (*without regard to other considerations*) provide the basis for . . . [a]n adverse report relating to the creditworthiness of the servicemember.

50 USC § 3919. Thus, Section 3919 is an anti-retaliation provision that applies only when a

creditor creates an adverse report *because of* the servicemember's application for a stay,

postponement, or suspension under SCRA. *See Dae Hyuk Kwon v. Santander Consumer USA*,

742 F. App'x 537, 540 (2d Cir. 2018) ("[F]atal to his claim, Kwon does not allege ... that

Santander submitted an adverse credit report *because of* the exercise of his rights, and thus has

not plausibly alleged a claim under SCRA."); *Murphy v. Bank of America*, 2012 WL 5954144, at

*5 (N.D. Ala. Nov. 28, 2012) ("The Complaint does not adequately allege that BOA acted

because of Murphy's application for or receipt of a stay under SCRA. Thus, the Complaint fails

to allege a plausible violation of [§ 3919].").

Here, Plaintiff fails to allege Wells Fargo made an adverse credit report for Plaintiff or

any putative class member *because of* the borrower's application for a stay, postponement, or

suspension of an obligation under SCRA. To the contrary, Plaintiff expressly alleges Wells

Fargo's conduct affected both "military and non-military customers." Compl. ¶ 7. Plaintiff

alleges Wells Fargo's motivation for allegedly placing borrowers into forbearance without

DEFENDANTS' MOTION TO DISMISS - 9
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

informed consent was "a way to make profit at the expense of its military and nonmilitary customers." *Id.* at ¶ 8. The allegations regarding Wells Fargo's actions refer repeatedly to borrowers in general, not merely servicemembers. *Id.* at ¶¶ 12–16. Eligibility for a forbearance under the CARES Act has no distinction between military and non-military customers. Here, Plaintiffs makes no allegation—nor is there any reasonable inference—that Wells Fargo was motivated by any military customer's exercise of any right under SCRA. Accordingly, the Complaint fails to state a claim for violation of § 3919.

## B. Wells Fargo Owed No Fiduciary Duty to Plaintiff or the Putative Class Members

Plaintiff next asserts a claim for breach of fiduciary duty on behalf of himself and a nationwide class. Compl. ¶¶ 103–07. A plaintiff asserting a breach of fiduciary duty claim must establish three elements: (1) a duty arising from a fiduciary relationship, (2) a failure to observe that duty, and (3) damage resulting from the failure. *Tanner*, 2020 WL 7263292, at *6. Here, Plaintiff cannot establish those elements. Ohio law defines a fiduciary duty as one "in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting superiority of influence, acquired by virtue of this special trust." *Schory & Sons, Inc. v. Society Nat'l Bank*, 662 N.E.2d 1074, 1081 (Ohio 1996); *Williams v. First Merit Bank, N.A.*, 2003 WL 22015582, at *2 (Ohio Ct. App. Aug. 27, 2003). Such a relationship arises "only when both parties understand that a special trust or confidence has been reposed." *Warren v. Percy Wilson Mortg. & Finance Corp.*, 472 N.E. 2d 364, 367 (Ohio Ct. App. 1984) (quoting *Umbaugh Pole Building Co., Inc. v. Scott*, 390 N.E.2d 320, 321 (Ohio 1979).

Ohio courts and the Sixth Circuit have consistently held the relationship of a bank to a consumer borrower does not ordinarily give rise to a fiduciary relationship. *See, e.g.*, *Forsythe v. BancBoston Mortg. Corp.*, 135 F.3d 1069, 1077 (6th Cir. 1997) ("The great weight of authority is that while the relationship between a mortgagor and mortgagee is often described as one of trust, technically it is not of a fiduciary nature."); *Tanner*, 2020 WL 7263292, at *7 (recognizing the "established rule that Ohio law does not recognize a fiduciary duty between a bank and its

DEFENDANTS' MOTION TO DISMISS - 10
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

customer absent special circumstances."); *Lippy v. Soc'y Nat'l Bank*, 100 Ohio App. 3d 37, 44, 651 N.E.2d 1364, 1368 (Ohio Ct. App. 1995). Plaintiff's attempt to avoid this well-established rule by asserting a special fiduciary relationship exists between servicemember mortgagors and a mortgagee is a non-starter. Neither does Plaintiff cite, nor is Defendant aware of, any authority to support a special servicemember-bank fiduciary relationship theory.[5]

Plaintiff fares no better in his assertion of a special fiduciary relationship for VA-backed mortgage borrowers. The only authority Plaintiff cites is the VA Act regulations[6] and the VA Servicer Handbook[7]. Although these regulations and handbook do require special procedures for VA-backed loans, nothing in either creates a special fiduciary duty between mortgage servicers and veteran borrowers. *Cf. Rank v. Nimmo*, 677 F.2d 692, 697 (9th Cir. 1982) (holding the VA Act creates no implied remedies, as the Act "relies on financial incentives to accomplish a welfare objective and does not purport to confer enforceable federal rights directly on the veteran-borrower"); *Amato v. Mortgage Investors Corp. of Ohio*, No. 5:12cv148, 2013 U.S. Dist. LEXIS 200561, *6-8 (M.D. Fla. Mar. 19, 2013) (dismissing with prejudice borrowers' claims because "there is no express or implied separate cause of action against a private lender for violation of the VA loan regulations") (citing *Rank* and other authorities).

In *Tanner v. Wells Fargo Bank, N.A.*, the plaintiff argued a fiduciary relationship existed between himself and Wells Fargo based merely on the fact that "Wells Fargo's duty pursuant to HUD regulations and the SF Handbook created a relationship beyond a common business relationship." 2020 WL 7263292, *6. The court noted the plaintiff had cited no authority to

---

[5] To Defendant's knowledge, the only case addressing a similar servicemember fiduciary duty argument is *Childress v. JPMorgan Chase & Co.*, 2019 WL 2865848, at *10 (E.D.N.C. July 2, 2019). That opinion did not evaluate the merits of this argument, but merely found for class certification purposes that the plaintiffs' allegation of a fiduciary duty between a bank and its servicemember customers was a question amenable to common proof. *Id.*

[6] The Complaint incorrectly cites to "C.F.R. § 38.4300-93," but given the focus of the argument on VA-backed mortgages, Wells Fargo assumes Plaintiff intended to cite generally to all 93 sections of **38** C.F.R. § **36**.4300 *et seq.*, the implementing regulations for the VA Act.

[7] U.S. Dep't of Veterans Affairs, VA Servicer Handbook M26-4, *available at* https://www.benefits.va.gov/WARMS/M26_4.asp (last visited March 30, 2021).

---

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

support this claimed fiduciary relationship, and the argument ran counter to the established rule in Ohio that a bank-borrower relationship is not a fiduciary one. *Id.* at *7. The court accordingly distinguished its case from one where a bank representative had cultivated a close relationship with the plaintiff, and another involving a duty to advise a customer regarding obtaining mortgage insurance. *Id.* The court concluded "the record in this case demonstrates that both parties engaged in an arms-length business transaction in which both parties were acting to protect their own interest." *Id.* Thus, "without alleging sufficient facts, Plaintiff and Wells Fargo had nothing more than a typical business relationship." *Id.*

Plaintiff's assertions here are similarly deficient to the plaintiff's in *Tanner*. As in *Tanner*, Plaintiff cites provisions of federal laws and regulations (here, the SCRA, VA Act, and the VA Servicer Handbook), and contends these "created a relationship beyond a common business relationship." His attempt to create a special fiduciary relationship between Wells Fargo and servicemember mortgagors, however, is unsupported by Ohio law. He has not alleged facts sufficient to overcome the established blackletter rule: that the relationship between bank and borrower is not a fiduciary one. Accordingly, this claim should be dismissed with prejudice.

Furthermore, even if a special fiduciary relationship *did* exist between Wells Fargo and its servicemember customers, Plaintiff is not entitled to invoke such a relationship. Based on the facts alleged in the Complaint and documents of which this Court may take judicial notice, Plaintiff left military service 11 years prior to obtaining a mortgage from Wells Fargo. *See supra* Sections IV.A.3–4. Plaintiff makes much of the special circumstances and vulnerability of active-duty military members, particularly those deployed overseas (Compl. ¶ 106), but Plaintiff himself was not in that category at any point during his relationship with Wells Fargo.

## C. The Contract Claims Fail Because Plaintiff Does Not Identify a Contractual Provision that Was Violated

Plaintiff asserts two contract-type claims against Wells Fargo: breach of contract and breach of the implied covenant of good faith and fair dealing. Both claims fail, because (1) the

DEFENDANTS' MOTION TO DISMISS - 12
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

Complaint does not identify any provision of a contract that was breached; and (2) Ohio law does not allow a breach of good faith and fair dealing as an independent claim.

### 1. The Complaint fails to identify any contractual provision that was violated.

Plaintiff alleges Wells Fargo breached its contract with Plaintiff and each putative class member by "unilaterally placing Plaintiff and Class Member mortgage loans in forbearance without their consent." Compl. ¶ 117. This claim fails to identify a specific contract provision allegedly breached and, consequently, fails to allege an obligation Wells Fargo did not fulfill.

To state a claim for breach of contract under Ohio law, a plaintiff must show four elements: 1) the existence of a contract; 2) the plaintiff fulfilled his obligations under the contract; 3) the defendant failed to fulfill his obligations; and 4) the defendant's failure resulted in plaintiff's damages. *Williams v. Richland County Children Servs.*, 861 F. Supp. 2d 874, 885 (N.D. Ohio 2011). "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Harris v. Am. Postal Workers Union*, 198 F.3d 245, 1999 WL 993882, at *4 (6th Cir. Oct. 19, 1999) (per curiam) (table). Accordingly, where a plaintiff's allegations fail to identify any provision of a contract that was breached, the claim must be dismissed. *See, e.g.*, *Harris*, 1999 WL 993882, at *4–5 (affirming dismissal for failure to state a claim where the plaintiff "did not present to the district court any claim of violation of the express terms of the governing" contract); *Matthews v. U.S. Bank National Association*, 2017 WL 3310941, at *3 (Ohio Ct. App. Aug. 3, 2017) (holding plaintiff failed to plead a viable claim for breach of contract where he "fail[ed] to allege any provision of a contract that was breached").

Plaintiff's claim for breach of contract fails at step one, because he has not identified any provision of a contract which was allegedly breached. Plaintiff asserts Wells Fargo "breached its contracts" by "unilaterally placing Plaintiff and Class Member mortgage loans in forbearance without their consent." Compl. ¶ 117. Even accepting his allegations of Wells Fargo's conduct as

DEFENDANTS' MOTION TO DISMISS - 13
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

true, however, Plaintiff has not alleged this conduct was a breach of any provision of his loan agreement. Thus, he has failed to sufficiently plead facts to support this claim.[8]

### 2. Ohio law does not recognize an independent claim for breach of the implied warranty of good faith and fair dealing.

In addition to a claim for breach of contract, Plaintiff also asserts Wells Fargo breached the implied covenant of good faith and fair dealing. This claim must fall with the breach of contract claim, because there is no independent claim for breach of the implied covenant of good faith and fair dealing under Ohio law. The case law is abundantly clear on this point.

The covenant of good faith and fair dealing is an implied duty imposed by every contract, which requires each party to act in good faith and deal fairly in the performance and enforcement of the contract. *Lucarell v. Nationwide Mutual Insurance Co.*, 97 N.E.3d 458, 463 (Ohio 2018). However, "[c]ourts in Ohio have . . . recognized that there is no independent cause of action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Id.* at 469 (collecting cases); *see also Dawson v. Blockbuster, Inc.*, 2006 WL 1061769, at *5 (Ohio Ct. App. Mar. 16, 2006). The Sixth Circuit has recognized this as well. *See, e.g.*, *Patrick v. CitiMortgage, Inc.*, 676 F. App'x 573, 577 (6th Cir. 2017) ("Ohio law recognizes only a breach of contract claim; it does not recognize a free-standing or independent claim for breach of the covenants of good faith and fair dealing."). Accordingly, "[t]here is no violation of the implied duty unless there is a breach of a specific obligation imposed by the contract, such as one that permits a party to exercise discretion in performing a contractual duty or in rejecting the other party's performance." *Lucarell*, 97 N.E.3d at 469; *see also Tanner v. Wells Fargo Bank, N.A.*, 2020 WL 7263292, *5 (N.D. Ohio Dec. 10, 2020) ("Because the Court dismisses Plaintiff's

---

[8] Attempting to avoid this deficiency, Plaintiff asserts "a unilateral change of a contract constitutes a breach of the contract." Compl. at ¶ 117. This overbroad and unsupported assertion does not accurately state Ohio law, and does not eliminate the need to identify a *specific contractual provision* that was breached. *See Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, 933 F. Supp. 2d 974, 1005 (S.D. Ohio 2013) (identifying fact dispute regarding whether a supplier's "unilateral change of contract terms" could amount to material breach of the supply agreement, where the supplier unilaterally sought price increases contrary to express language of the agreement); *Brakefire, Inc. v. Overbeck*, 878 N.E.2d 84, 101–02 (Ohio Ct. Com. Pl. 2007) (holding employer breached employment contract where it unilaterally changed employees' compensation contrary to express terms of the contract's compensation provision).

---

DEFENDANTS' MOTION TO DISMISS - 14
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

breach of contract claim, Plaintiff's claim for breach of covenant of good faith and fair dealing is dismissed because such a claim cannot stand alone.").

Plaintiff has not identified any provision of his agreement with Wells Fargo, either express or implied, under which Wells Fargo was obligated to obtain his informed consent before placing his mortgage in forbearance. His attempt to invoke the implied covenant of good faith and fair dealing only underscores the fact that there is no such provision of the contract. The covenant of good faith and fair dealing is not a plaintiff's substitute when he cannot meet the elements of his breach of contract claim. Thus, this claim should be dismissed with prejudice.

**D.     The Economic Loss Rule Bars Plaintiff's Claims for Fraud, Unjust Enrichment, and Negligence**

Plaintiff's tort claims for fraud, unjust enrichment, and negligence should all be dismissed because they are barred by Ohio's economic loss rule. "The economic-loss rule generally prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 835 N.E.2d 701, 704 (Ohio 2005). The rule is based on the balance between tort law, which seeks to redress injuries sustained by breach of duties imposed by society or law, and contract law, which seeks to redress injuries caused by breach of duties voluntarily assumed by agreement. *Id.* "When a plaintiff has alleged the existence of a contract, that contract—not common law causes of action—provides her exclusive remedy." *Young v. Carrier Corp.*, 2014 WL 6617650, at *7 (N.D. Ohio 2014). Thus, "Ohio law prevents the recovery of purely economic losses in a negligence action ... where recovery of such damages is not based upon a tort duty independent of contractually created duties." *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 569 (6th Cir. 2006).

Plaintiff alleges and assumes his relationship with Wells Fargo is governed by contract. *See* Compl. ¶¶ 82 (identifying putative class members as "customers" of Wells Fargo), 92. Plaintiff's fraud, unjust enrichment, and negligence claims allege the same conduct: that Wells Fargo placed him and putative class member's mortgages into forbearance without their consent,

DEFENDANTS' MOTION TO DISMISS - 15
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

did not properly inform them of the status of their mortgages while in forbearance, and did not properly service their mortgages while in forbearance. *See id.* ¶¶ 122-23, 166, 172, 175. These same allegations of wrongdoing undergird the breach of contract claim. *See id.* ¶¶ 117-18. Further, the damages allegedly suffered by Plaintiff and the putative class members are purely economic losses recoverable only under contract law, as opposed to personal injury or property damage recoverable under tort law. *Id.* ¶ 126 (alleging fraud by Wells Fargo caused Plaintiff and class members' "credit damage … , loss of access to new credit ... , reputational damage, frustration, and various out-of-pocket costs"). Because the relationship between Wells Fargo and Plaintiff is governed by contract, the claims sounding in tort must be dismissed.

**E.      Plaintiff Fails to State a Claim for Fraud**

In Count Five of the Complaint, Plaintiff asserts a common law fraud claim, alleging Wells Fargo made material omissions of fact by failing to disclose to him and the putative class members their loans had been placed into forbearance without their consent. In addition to being barred by the economic loss rule, this claim fails because it is not pleaded with particularity and fails to allege Wells Fargo had a duty to disclose.

**1.      Plaintiff fails to plead fraud with particularity.**

Plaintiff's fraud claim fails. Fraud claims must meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff's fraud by omission argument does not explain *when* the specific communications were made by Wells Fargo to Plaintiff that should have contained the purportedly absent statements, *who* from Wells Fargo omitted the statements Plaintiff purports should have been made, or *how* these communications were made. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing fraud claim where plaintiff "failed to articulate the who, what, when, where, and how of the misconduct alleged.").

DEFENDANTS' MOTION TO DISMISS - 16
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

### 2.  Plaintiff fails to plead facts supporting a duty to disclose.

Plaintiff alleges Wells Fargo failed to disclose to him and the putative class members that it had placed their mortgages into forbearance. Compl. ¶¶ 122–23. In Ohio, a claim of fraud by omission has six elements: (1) an omission of fact where there is a duty to disclose; (2) the representation or omission is material; (3) it is made with knowledge of its falsity or recklessness; (4) it is made with the intent of inducing reliance; (5) the other party justifiably relied on the statement or omission; and (6) the reliance resulted in damages. *Williams v. Kia of Bedford*, 104 N.E.3d 924, 935 (Ohio Ct. App. 2018). Here, Plaintiff fails to allege facts showing Wells Fargo owed a duty to disclose.

Under Ohio law, a duty to disclose generally arises only where the parties are in a fiduciary relationship, where both parties understand special trust has been reposed, or where full disclosure is necessary to dispel misleading impressions created by partial disclosure of the facts. *Blon v. Bank One, Akron, N.A.*, 519 N.E.2d 363, 367 (Ohio 1988). As explained previously, no such fiduciary or special relationship of trust existed here. Furthermore, Plaintiff has not sufficiently identified a partial disclosure that created a misleading impression. Although he alleges that Wells Fargo failed to disclose "that it had placed [Plaintiff's and putative class members'] loans into forbearance" and "that a customer's account would be placed into forbearance by clicking a button on the Wells Fargo website that made no mention of forbearance," he does not sufficiently allege facts as to what Wells Fargo *did* disclose, either in its letters or on its website.  Furthermore, Plaintiff omits a copy of the April 8, 2020 letter alleged in his Complaint and quoted in part (Compl. ¶ 75), which plainly states the terms of the "**Forbearance Plan Agreement**" he accepted on Wells Fargo's website.  *See* Request for Judicial Notice, Ex. B (original emphasis). Thus, the fraud claim should be dismissed.

DEFENDANTS' MOTION TO DISMISS - 17
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

**F.      Plaintiff Fails to State a Claim under the Truth in Lending Act ("TILA")**

In Count Six of the Complaint, Plaintiff alleges Wells Fargo's conduct constituted a violation of the implementing regulations of TILA. This count fails to state a claim for two reasons. First, TILA does not authorize a private cause of action against a loan servicer. Second, the Complaint fails to allege facts sufficient to support the claim.

**1.      TILA does not authorize a private cause of action against a loan servicer.**

Plaintiff claims a TILA violation based on Wells Fargo's alleged failure to credit mortgage payments promptly upon receipt, pursuant to 12 C.F.R. § 1026.36(c)(1), the implementing regulation for 15 U.S.C. § 1639f. Compl. ¶ 130. Pursuant to 12 C.F.R. § 1026.41, Plaintiff also claims a TILA violation based on Wells Fargo's alleged provision of periodic mortgage statements that did not conform to TILA's timing and form requirements and did not accurately disclose information related to forbearance and its effects. *Id.* ¶ 133. Plaintiff asserts he can bring a private cause of action based on these alleged violations.[9] *Id.* ¶ 134.

But TILA does not create a private cause of action against loan *servicers*. *See Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1245–46 (9th Cir. 2012) (affirming dismissal of TILA claim against loan servicer after determining neither section 1641 nor section 1640(a) offered a viable private right of action against loan servicer); H.R. Rep. No. 104–193, at 99 (1995) (explaining subsection (f) of section 1641 "clarifies that the loan servicer (the entity collecting payments from the consumer and otherwise administering the loan) is not an 'assignee' under the TILA unless the servicer is the owner of the loan obligation").  As alleged, Wells Fargo is only a loan servicer for Plaintiff's mortgage: "Plaintiff Brian Plaintiff has a mortgage serviced by Wells Fargo." Compl. ¶ 69. The class definitions also define the putative

---

[9] Plaintiff appears to have confused multiple sections of TILA. Although Plaintiff cites 15 U.S.C. §§ 1640(f), this subsection does not create a private cause of action at all; it creates an exception for acts done in good faith to comply with a rule, regulation, or interpretation of the Consumer Financial Bureau. Defendant assumes Plaintiff intended to cite either 15 U.S.C. § 1640**(a)**, which addresses the liability of creditors who fail to comply with requirements of TILA, or 15 U.S.C. § 164**1**, which addresses the liability of purchasers or assignees of mortgages.

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477

class members as "customers with a mortgage loan serviced by Wells Fargo." *Id.* ¶ 82. Thus, Plaintiff fails to state a TILA claim and dismissal is proper. *Gale*, 701 F.3d at 1245–46.

        **2.**     **Plaintiff fails to allege sufficient facts to state a claim for violation of TILA.**

      The TILA claim also fails because it consists of only a bare recitation of the elements of the statute and regulations, along with conclusory allegations that Wells Fargo violated those regulations. Plaintiff regurgitates the elements of the TILA-implementing regulations without any factual allegations. Compl. ¶ 79 ("Wells Fargo failed to properly (1) apply those payments to the mortgage; (2) report those payments to credit agencies; or (3) calculate information on subsequent periodic payments."). Plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678. His "[t]hreadbare recital of a cause of action's elements, supported by mere conclusory statements" is insufficient as a matter of law to state a plausible claim. *Id.*; *see also Acevedo v. Deutsche Bank*, 2012 WL 12893521, at *5 (C.D. Cal. Dec. 6, 2012) (dismissing TILA claim where plaintiff "fail[ed] to identify how Defendants violated TILA" but "merely recite[d] the elements of a TILA claim" without supporting factual allegations).

## G.   Plaintiff Fails to State a Claim under the Real Estate Settlement Procedures Act ("RESPA")

      Plaintiff next asserts a claim against Wells Fargo for violation of RESPA, but this claim fails as well. Like Plaintiff's TILA claim, his RESPA claim should be dismissed because it is devoid of factual allegations to support Plaintiff's conclusory recitation of the claim's elements. Plaintiff vaguely alleges that Wells Fargo violated 12 C.F.R. §§ 1024.41, 1024.40, and 38 C.F.R. § 36.4278 by failing to provide "notices required by" the regulation; misrepresenting the status of applications for loss mitigation; failing to respond to loss mitigation applications; failing to properly advise of "curative actions"; failing to maintain "continuity of contact" with him and the putative class members; and failing to maintain a system to advise borrowers how to cure

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

delinquencies and protect their credit rating. Compl. ¶ 140. Once again, these threadbare recitals of the statutory elements fail to state a plausible RESPA claim. *Iqbal*, 556 U.S. at 678.

Additionally, Plaintiff's own allegations demonstrate RESPA is inapplicable on these facts. Plaintiff asserts Regulation X "imposes certain requirements on Defendants, including procedures for loss mitigation and requirements related to applications for loan modifications," without alleging Wells Fargo received any such applications. Compl. ¶ 139 (citing 12 C.F.R. § 1024.41). Section 1024.41 sets forth procedures that apply to loss mitigation applications, which are defined as "oral or written ***request[s] for a loss mitigation option*** that is accompanied by any information required by a servicer for evaluation for a loss mitigation option." *Id.* § 1024.31 (emphasis added). Essentially, it is a "request for a loss mitigation option," which is "an alternative to foreclosure." *Stoler v. Pennymac Loan Servs., LLC*, Case No. 2:18-cv-00988, 2019 WL 5106417, *1 (S.D.W.Va. Oct. 11, 2019) (citing 12 C.F.R. § 1024.31).

Plaintiff alleges he "submitted an inquiry to Wells Fargo to ask about payment deferment options." Compl. ¶ 72. Plaintiff does not allege he requested any relief; rather, Plaintiff affirmatively alleges he "would not have knowingly signed up for forbearance on his mortgage." *Id.* ¶ 74. Indeed, the entire suit is premised on the allegation that Plaintiff and the putative class members "never requested" to be placed in forbearance. *Id.* ¶ 65. Thus, even if the RESPA claim contained more than conclusory recitations of RESPA's elements, Plaintiff's allegations squarely contradict any assertion that he submitted a forbearance application. This claim should be dismissed. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1098 (C.D. Cal. 2015) (granting motion to dismiss because "the complaint's allegations are inherently contradictory") (citing cases).

**H. Plaintiff Fails to State a Claim under the Fair Credit Reporting Act ("FCRA")**

Plaintiff asserts a claim against Wells Fargo for violation of FCRA, 15 U.S.C. § 1681, *et seq.* Compl. ¶¶ 147-150. Specifically, Plaintiff alleges Wells Fargo violated 15 U.S.C. § 1681s-2 by (1) reporting inaccurate credit information regarding the forbearance status of his and the putative class members' loans with knowledge of the errors and (2) by failing to investigate and

DEFENDANTS' MOTION TO DISMISS - 20
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

correct inaccurate credit information. These allegations generally track subsections (a) and (b) of § 1681s-2, respectively. Plaintiff fails to state a claim under either subsection.

Although Plaintiff fails to cite to specific subsections, the assertion that Wells Fargo violated FCRA by "informing credit agencies that Plaintiff and Class Members' mortgages were in forbearance" when "Wells Fargo knew, or should have known, that Plaintiff and the Class Members did not request or affirmatively and legally consent to the mortgage loan forbearances" can arise only under Section 1681s-2(a), because subsection (b) is triggered only when the furnisher receives notice of a consumer's dispute of reported information. *See* 15 U.S.C. § 1681s-2(b)(1). Enforcement of § 1681s-2(a), however, is vested *exclusively* in federal and state officials. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (citing 15 U.S.C. § 1681s-2(c) and (d)). This FCRA claim fails at the start.

A claim under Section 1681s-2(b) fares no better. Although subject to private enforcement, the plain language of the statute requires that notice of a consumer dispute must be received by the furnisher *from a consumer reporting agency. See* 15 U.S.C. § 1681s-2(b)(1); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1187, 1154 (9th Cir. 2009) (holding the statutory duties to investigate and correct reported information under § 1681s-2(b) "arise only after the furnisher receives notice of dispute from a CRA"). The Ninth Circuit has held that notice of a dispute received directly from a consumer is insufficient to trigger the duties of § 1681s-2(b). *Id.* Here, Plaintiff fails to allege Wells Fargo received a notice of dispute regarding Plaintiff's or the putative class members' reported information, let alone notice of a dispute from a CRA as required by the statute. Accordingly, this claim must be dismissed. *See Satre v. Wells Fargo Bank, N.A.*, 771 F. App'x 387, 388 (9th Cir. 2019) (affirming dismissal of FCRA claim for failure to allege facts sufficient to show plaintiff gave statutorily required notice).

DEFENDANTS' MOTION TO DISMISS - 21
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## I. Plaintiff Fails to State a Claim for Violation of the Ohio Deceptive Trade Practices Act ("ODTPA")

In Count Eleven, Plaintiff asserts a claim for violation of the ODTPA, alleging simply that "Wells Fargo violated the statute when it falsely represented services available for mortgage debt assistance which it did not provide." Compl. ¶ 183. Plaintiff does not allege that he relied on the allegedly false representations of Wells Fargo's services resulting in injury. The elements of this claim under the ODTPA are "(1) a false statement or statement that is misleading, (2) which statement actually deceived or has the tendency to deceive a substantial segment of the target audience, (3) the deception is material in that it is likely to influence a purchasing decision, and (4) the plaintiff has been or is likely to be injured as a result." *Torrance v. Rom*, 157 N.E.3d 172, 188 (Ohio Ct. App. 2020). Additionally, Ohio courts look to case law interpreting the Lanham Act when considering the ODTPA, *Heartland of Urbana OH, L.L.C. v. McHugh Fuller Law Group, P.L.L.C.*, 72 N.E.3d 23, 37 (Ohio Ct. App. 2016), and the Lanham Act requires reliance on the alleged misrepresentation proximately causing injury, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014). *See also First Choice Federal Credit Union v. Wendy's Company*, 2017 WL 9487086, at *4 (W.D. Pa. Feb. 13, 2017).

Here, Plaintiff fails to adequately allege he relied on misrepresentations by Wells Fargo which proximately caused his injury. The only misrepresentation Plaintiff alleges is Wells Fargo's statement "on its website that it had services for assistance for mortgage relief." Compl. ¶ 184. Plaintiff fails to allege how this statement was false, other than the conclusory allegation that Wells Fargo "claimed to have relief programs it did not have." *Id.* ¶ 185. Further, Plaintiff fails to allege he relied on this misrepresentation. Nowhere does he allege applying for mortgage relief assistance services. Instead, he alleges only that he "logged into" his account online and never agreed to a forbearance. *Id.* ¶ 74. Plaintiff alleges no facts connecting his alleged injury to Wells Fargo's alleged misrepresentation. Thus, the ODTPA claim must be dismissed.

DEFENDANTS' MOTION TO DISMISS - 22
No. 2:21-cv-00112-JCC

**GORDON
TILDEN
THOMAS
CORDELL**

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**J.      Wells Fargo & Co. Should Be Dismissed Because Plaintiff Has Not Pleaded Facts to Pierce the Corporate Veil**

Even if the Court does not dismiss all claims against Wells Fargo Bank, N.A. with prejudice, the remaining defendant, Wells Fargo & Company ("WFC"), should be dismissed as a defendant. *See supra*, n.1. Plaintiff has not pleaded WFC acted as his mortgage servicer or engaged in *any* of the challenged conduct. Nor does Plaintiff allege any facts to support piercing the corporate veil between Wells Fargo Bank and WFC. Generally, "a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). To perform a veil-piercing analysis, the Court would have to apply Delaware law, as Delaware is WFC's state of incorporation.[10] "Delaware public policy does not lightly disregard the separate legal existence of corporations." *Doberstein v. G-P Indus., Inc.*, C.A. No. 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015). "To state a 'veil-piercing claim,' the plaintiff must plead facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003). "Specific facts a court may consider when being asked to disregard the corporate form include: (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *Doberstein*, 2015 WL 6606484, at *4.

Plaintiff neither challenges WFC's direct conduct, nor attempts to make any case for piercing its corporate veil by alleging facts to support the required elements for veil-piercing. Thus, the Court should dismiss WFC from this lawsuit under Rule 12(b)(6).

---

[10] *Citigroup Inc. v. AHW Inv. P'ship*, 140 A.3d 1125, 1135–36 (Del. 2016) (the veil-piercing analysis "has to be governed by the laws of the state in which [the parent] is incorporated"); *see also Leitner v. Sadhana Temple of N.Y., Inc.*, No. CV 13-07902 MMM (Ex), 2014 WL 12588643, at *16 (C.D. Cal. Oct. 14, 2017) (explaining the law of the state of incorporation should be used to conduct the veil-piercing analysis, since that state has a "substantial interest in determining whether to pierce the corporate veil of one of its corporations").

DEFENDANTS' MOTION TO DISMISS - 23
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA 98101
206.467.6477

## V.  CONCLUSION

For the foregoing reasons, defendants Wells Fargo Bank, N.A., and Wells Fargo & Company respectfully request the Court to dismiss Plaintiff's Complaint with prejudice.

DATED this 12th day of April, 2021.

GORDON TILDEN THOMAS & CORDELL LLP
Attorneys for Defendants

By   *s/Franklin D. Cordell*
Franklin D. Cordell, WSBA #26392

By   *s/Miles Bludorn*
Miles Bludorn, WSBA #54238
600 University Street, Suite 2915
Seattle, Washington 98101
206.467.6477
fcordell@gordontilden.com
mbludorn@gordontilden.com

John C. Lynch, *pro hac vice forthcoming*
Jason E. Manning, *pro hac vice forthcoming*
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
757.687.7500
john.lynch@troutman.com
jason.manning@troutman.com

DEFENDANTS' MOTION TO DISMISS - 24
No. 2:21-cv-00112-JCC

GORDON
TILDEN
THOMAS
CORDELL

600 University Street
Suite 2915
Seattle, WA  98101
206.467.6477