**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRIAN ECHARD,**

        **Plaintiff,**

        **v.**

**WELLS FARGO BANK N.A., et al.,**

        **Defendants.**

        **Civil Action 2:21-cv-5080
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on the Motion to Intervene and to Transfer or Stay (Doc. 71). Movants are plaintiffs who have filed putative class actions like this one across the country against Defendant Wells Fargo Bank N.A. ("Wells Fargo"). The parties in this case, Plaintiff Brian Echard and Wells Fargo, oppose the Motion. (Docs. 86, 88). For the following reasons, the Motion (Doc. 71) is **DENIED without prejudice**.

**I.      BACKGROUND**

Plaintiff Echard brings this putative class action lawsuit against Wells Fargo, which he says wrongfully enrolled him and similarly situated class members in a mortgage forbearance program without consent. (Doc. 1). He seeks to represent a nationwide class, an Ohio class, and a nationwide military class. (Doc. 1 at 20).

This case began in the Western District of Washington. (Doc. 1). Then, upon Plaintiff Echard's request, it was transferred to the Northern District of California, so that he could collaborate with Movants. (Doc. 32 at 1, Doc. 34, Doc. 86 at 5). Movants are plaintiffs in six putative nationwide class actions ("the related actions") against Wells Fargo; their claims and putative classes overlap significantly with Plaintiff Echard's. (Doc. 71 at 1, Doc. 86 at 1). The related actions were brought in district courts nationwide, and Movants are working to transfer all

cases to the Northern District of California to streamline their efforts. (Docs. 71 at 1–2, 93, 101, 104).

While in the Northern District of California, Plaintiff Echard and Movants attempted to collaborate. (Docs. 71 at 3, 86 at 5, 89 at 1). For his part, Plaintiff Echard represents he tried to work with Movants but was shut out. (Doc. 86 at 5). Movants, who were engaged in an ultimately unsuccessful mediation with Wells Fargo, have a different view. They say they invited Plaintiff Echard to join their working group, but the invitation was declined due to perceived "inappropriate conditions." (Doc. 89 at 1). Either way, the collaboration failed.

After this unsuccessful collaboration, Plaintiff Echard, seeking to further the interest of his putative classes, stipulated with Wells Fargo to transfer the case to this forum. (Docs. 53, 86 at 5). At the same time, Movants had a pending motion to relate one of their cases with Plaintiff Echard's case to further their interest in having a single adjudicator in the Northern District of California. *Delpapa v. Wells Fargo Bank, N.A*, No. 3:20-cv-06009, Doc. 96. These conflicting motions were before different judges. The parties' stipulated motion to transfer was before Judge Tigar, while Movants' motion to relate was before Judge Donato. Still, Judge Tigar was not in the dark. He received courtesy copies of Movants' motion to relate before the stipulated transfer motion was filed. (*See* Doc. 100). Ultimately, Judge Tigar, on notice of Movants' motion, granted the parties' motion to transfer. (Doc. 55). Judge Donato then terminated Movants' motion to relate as moot. *Delpapa*, No. 3:20-cv-06009, Doc. 110.

The case was transferred to this forum on October 19, 2021. (Doc. 56). Since then, the parties have pursued settlement by engaging retired U.S. District Judge Andrew Guilford as a mediator, exchanging informal discovery, and participating in day one of a two-day mediation. (Docs. 86, 105). To prevent Plaintiff Echard from undermining the coordinated progress in the

related actions, Movants filed this Motion to Intervene to either transfer the case back to the Northern District of California pursuant to the first-to-file doctrine or stay the case until they are done litigating in California. (Doc. 71 at 2, 4). Perhaps because of the case history—specifically Movants' unsuccessful mediation with Wells Fargo, unsuccessful collaboration with Plaintiff Echard, and unsuccessful motion to relate—Plaintiff Echard and Wells Fargo contend that Movants' sole purpose is to thwart the parties' mediation efforts here in Ohio. (Doc. 86 at 1). The matter is ripe for review. (Docs. 71, 86, 88, 89).

## II.  STANDARD

All agree that Rule 24(b) of the Federal Rules of Civil Procedure, which provides the standard for permissive intervention, applies here. The Court may allow permissive intervention upon timely motion if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Sixth Circuit has identified five factors to assess the timeliness of a motion to intervene:

(1) the point to which the suit has progressed;
(2) the purpose for which intervention is sought;
(3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case;
(4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and
(5) the existence of unusual circumstances militating against or in favor of intervention.

*Desai v. Geico Cas. Co.*, No. 1:19-CV-2327, 2021 WL 6278416, at *2 (N.D. Ohio June 22, 2021) (quoting *Serv. Emps. Int'l Union Loc. 1 v. Husted*, 515 F. App'x 539, 541 (6th Cir. 2013)) (formatted into a list). "The determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336 (6th Cir. 1990). As such, "no single factor is dispositive in this analysis." *Desai*, 2021 WL

6278416, at *2 (citing *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 695 (6th Cir. 2021)).

If the motion is timely and shares at least one common question of law or fact, the Court then must consider whether intervention would cause undue delay or prejudice to the original parties, and any other relevant factors. *See* Fed. R. Civ. P. 24(b)(3); *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); *Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-CV-01194, 2020 WL 11885927, at *1 (S.D. Ohio Nov. 18, 2020). Because the decision is "dictated by the particular circumstances of the case," the Court "retains broad discretion to exclude additional parties—even parties presenting common questions of law or fact—based on the totality of the circumstances." *Id.* at 226; *see also Viola v. Yost*, No. 2:21-CV-3088, 2022 WL 203505, at *1 (S.D. Ohio Jan. 24, 2022) ("The decision to grant or deny permissive intervention is discretionary.").

## III. DISCUSSION

Below, the Court determines that Movants have satisfied the threshold requirements of timeliness and whether there is a common question of law or fact. *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005) (citing *Michigan State AFL–CIO v. Miller*, 103 F.3d 1240, 1248 (6th Cir.1997)). Yet, they must also demonstrate that intervention would not cause "undue delay or prejudice" to Plaintiff Echard and Wells Fargo. Fed. R. Civ. P. 24(b)(3). Because Plaintiff Echard and Wells Fargo would suffer undue delay and prejudice, the Court **DENIES** intervention **without prejudice**. Given this disposition, the request to transfer or stay is not addressed.

### A. Timeliness

As a threshold matter, a court must determine whether a motion to intervene is timely. *See O'Bryant v. ABC Phones of N. Carolina, Inc.*, No. 19-CV-02378-SHM-TMP, 2020 WL 7634780,

at *8 (W.D. Tenn. Dec. 22, 2020) (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973)). In the Sixth Circuit, five factors are considered when evaluating whether a motion to intervene is timely. *Desai*, 2021 WL 6278416, at *2 (quoting *Serv. Emps. Int'l Union Loc. 1*, 515 F. App'x at 541). After weighing the five factors, the Court concludes that the Motion (Doc. 71) is timely.

### 1.   Stage of Proceedings

The first factor considers the lawsuit's progression. *Doe S.W.*, 2020 WL 11885927, at *2. "Importantly, 'the time between the filing of the complaint and the motion to intervene, in itself, is among the least important circumstances. What is more critical is the "progress made" in discovery and motion practice. *Id.* (quoting *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782, 786 (6th Cir. 2004)). The stage of the proceedings typically weighs against intervention when "discovery has been substantially completed, dispositive motions deadlines are looming or have already passed, and/or the district court has issued one or more significant rulings." *Id.* (collecting cases). Here, none of these important steps have occurred. Still, the parties have expended resources to try to resolve the cases extrajudicially. (*See* Docs. 86 at 6, 105). Should the parties succeed in mediation, this action would be resolved without further proceedings. Thus, depending on the success of mediation, this case could be at its beginning or near its end. On balance, though, the Court concludes that given the early stages of the proceedings, timeliness is favored.

### 2.   Purpose of Intervention

The second factor probes "whether the proposed intervenor's purpose should excuse the lack of an earlier motion to intervene." *Doe S.W.*, 2020 WL 11885927, at *3 (citing *Stupak-Thrall v. Glickman*, 226 F.3d 467, 479 n.15 (6th Cir. 2000)). Movants' purpose is to intervene to transfer or stay the litigation. (Doc. 71 at 7). Given this purpose and the case history—specifically the failed collaboration with Plaintiff, unsuccessful motion to relate, and transfer to this Court—it

appears Movants filed this motion shortly after its necessity became apparent.  Thus, this factor also favors timeliness.

### 3. Length of Time

The next factor looks at the length of time from when the would-be intervenor knew its interest in the case to when the motion to intervene was filed.  This consideration is to prevent would-be intervenors from adopting a "wait-and-see approach."  *Desai*, 2021 WL 6278416, at *4 (quoting *United States v. Tennessee*, 260 F.3d 578, 594 (6th Cir. 2001)).  Movants did not adopt a wait-and-see approach.  They attempted to collaborate with Plaintiff (Docs. 86 at 5, 89 at 1), and to relate this case while in the Northern District of California (Doc. 89 at 7).  When that was unsuccessful and the case was transferred here, they sought intervention within just seventeen days.  (*See* Docs. 56, 71).

In opposition, the parties say that Movants had knowledge of their interest in the action since it began in Washington in January 2021; further, they say Movants had advance knowledge of Wells Fargo's efforts to transfer the action to this forum.  (Doc. 88 at 6).  Movants respond that they couldn't take action in Washington because the case was stayed from February to September of 2021.  (Doc. 89 at 6).  The stay, Movants' efforts to relate the case in California, and their quick filing of the present motion once the case was transferred, weigh in favor of timeliness.

### 4. Prejudice

The fourth factor, prejudice, considers only prejudice due to the failure to intervene at an earlier point, not the prejudice due to the intervention itself.  *See Doe S.W.*, 2020 WL 11885927, at *4; *Desai*, 2021 WL 6278416, at *4.  As previously discussed, Movants moved swiftly.  Because Movants did not delay, there is no prejudice, and timeliness is favored.

5.      *Unusual Circumstances*

The final factor takes into account any "unusual circumstances that weigh in favor of or against granting a motion to intervene." *Doe S.W.*, 2020 WL 11885927, at *5. "There is no 'established list of additional factors' courts consider for this last factor in the timeliness analysis." *Desai*, 2021 WL 6278416, at *5 (quoting *Davis v. Lifetime Cap., Inc.*, 560 F. App'x 477, 494 (6th Cir. 2014)). Here, Movants did what they could to try to relate the case while it was in California. (*Delpapa v. Wells Fargo Bank, N.A*, No. 3:20-cv-06009, Doc. 96). Ultimately, the effort was unsuccessful, *Delpapa v. Wells Fargo Bank, N.A*, No. 3:20-cv-06009, Doc. 110, but it shows Movants attempted to protect their rights.

## B.      Common Question of Law or Fact

The next inquiry can be resolved quickly. Movants and Plaintiff Echard have brought some nearly identical claims. (*See, e.g.*, Docs. 71 at 6–7, 86 at 1, 7). And the Court easily concludes that Movants "ha[ve] a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## C.      Undue Delay, Prejudice, and Other Factors

Though the Motion is timely and there is a common question of law or fact, the Court's work is not done. Undue delay, prejudice to the original parties, and any other relevant factor must be considered. Fed. R. Civ. P. 24(b)(3) ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."); *Michigan*, 424 F.3d at 445 (citing *Michigan State AFL–CIO*, 103 F.3d at 1248). And, here, the factors dissuade the Court from allowing intervention.

1.      *Limited Purpose*

Movants have been clear. They do not intend to participate in this action beyond intervening to stop it. They want the action to travel back to the Northern District of California or

otherwise stay the case until they are done litigating in California. (Doc. 71 at 2). This limited purpose—to transfer or stay—would inherently cause undue delay and prejudice.

When faced with similar circumstances, district courts across the country have denied permissive intervention. *See, e.g.*, *Attix v. Carrington Mortg. Servs., LLC*, No. 1:20-CV-22183-UU, 2020 WL 9849821, at *3 (S.D. Fla. Oct. 13, 2020); *Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 346–47 (E.D.N.Y. 2018); *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1990509, at *5 (W.D. Mo. Apr. 26, 2018) (denying permissive intervention due to movants limited purpose of dismissal, transfer, or stay); *Kamerman v. Steinberg*, 681 F. Supp. 206, 211 (S.D.N.Y. 1988) (denying permissive intervention where the movants' "sole purpose" was to stay the case and delay the related actions, rather than join the pending action). For example, in *Attix v. Carrington Mortgage Services*, the movants, who had filed similar class action lawsuits elsewhere, sought to intervene and stay the case under the first-to-file rule. 2020 WL 9849821, at *2. The court found that even if the motion was timely, the purpose of staying the case would necessarily result in delay for the original parties, and the plaintiff prejudicially would be "forced to cease litigating his claims in his chosen forum . . . ." *Id.*, at *3. The court went on to explain "that intervention solely for the purpose of commandeering an existing action and staying it in favor of litigation of a parallel case in another forum unduly and impermissibly prejudice the parties in the later-filed action." *Id.* (citing *Lee, et al. v. OCWEN Loan Servicing LLC, et al.*, No. 0:14-cv-60649-JAL, D.E. 75).

The court in *Travis v. Navient Corporation* came to the same conclusion. 284 F. Supp. 3d at 346–47. The plaintiff, a student loan borrower, brought a putative class action against a student loan servicer. Other borrowers then moved to intervene in order to dismiss, stay, or transfer action under the first-to-file rule. *Id.* The court concluded that "as a practical matter" the original parties'

8

would be delayed and prejudiced because movants sought only to dismiss, transfer, or stay the action, and because the original parties wished to proceed in their chosen forum. *Id.* The prejudice, said the court, was too high.

So too here. Movants have "no intention whatsoever of litigating the causes of action asserted," but seek only to delay this action through a transfer or stay. *Kamerman*, 681 F. Supp. at 211. Allowing Movants to join the action would necessarily cause undue delay and prejudice. Undue delay is particularly concerning because the case already has been transferred twice; and Movants seek to transfer it back to the court from which it came. Movants' purpose—to commandeer the litigation—weighs heavily against allowing intervention.

Movants attempt to justify their position by arguing that allowing this case to proceed risks their interests. They go so far as to allege that Plaintiff Echard and Wells Fargo are colluding to settle on terms unfavorable to the putative class. (Doc. 71 at 5, Doc. 89 at 8–9). Such a scheme is known as a reverse auction. The Court takes Movants' concerns seriously. But courts require "concrete evidence of collusion" in cases like this. *O'Bryant*, 2020 WL 7634780, at *10 (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1189 (10th Cir. 2002)). Otherwise, settlement efforts could be easily "derailed by reverse auction accusations." *Id.* (citing *Negrete v. Allianz Life Ins. Co. of North America*, 523 F.3d 1091, 1100 (9th Cir. 2008)). There is no concrete evidence here. At best, Movants offer facts implying collusion after the mediation in the Northern District of California failed, and Plaintiff Echard was excluded from participating. (Doc. 71 at 5, Doc. 89 at 8–9). This is insufficient for reverse auction. *See O'Bryant*, 2020 WL 7634780, at *10 (citing *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1006 (8th Cir. 2020)).

Movants are not without recourse to protect their interests. Start with Rule 23 of the Federal Rules of Civil Procedure. If the parties reach an agreement, the Court still must evaluate

the proposed settlement agreement. *See Borders v. Alternate Sol. Health Network, LLC*, No. 2:20-CV-1273, 2021 WL 4868512, at *6 (S.D. Ohio May 17, 2021). Notably, the Court must find that the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court's review "assure[s] adequate representation of class members who have not participated in shaping the settlement." Fed. R. Civ. P. 23(e) advisory committee's note to 2003 amendment. Additionally, if a settlement is reached, Movants could protect their interests by opting out of the settlement class or participating in the fairness hearing process. *See Doe v. Cin-Lan, Inc.*, No. 08-CV-12719, 2011 WL 37970, at *4 (E.D. Mich. Jan. 5, 2011); *see also Zepeda v. PayPal, Inc.*, No. 10CV02500SBAJCS, 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014), *objections overruled*, No. C 10-1668 SBA, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014) (collecting cases).

And there are other ways Movants can protect their interests. As one example, they could seek to file an amicus brief in response to future settlement agreement proposals. *See Swinton v. SquareTrade, Inc.*, No. 418CV00144SMRSBJ, 2018 WL 8458862, at *9 (S.D. Iowa Sept. 21, 2018), *aff'd*, 960 F.3d 1001 (8th Cir. 2020). This would allow Movants to be heard, but likely not cause undue delay and prejudice to the original parties.

Still more, the Motion is Denied without prejudice. Movants may return to the Court if the parties' mediation efforts fail.

### 2. The Parties' Mediation Efforts

Plaintiff Echard and Wells Fargo represent that they are motivated to settle and are making progress. They have hired a mediator, begun informal discovery, and participated in day one of a two-day mediation. (Docs. 86 at 6, 105). Allowing intervention would thwart those efforts. *See O'Bryant*, 2020 WL 7634780, at *10 (denying permissive intervention for the purpose of opposing the settlement because it would result in delay and prejudice to the parties); *Swinton*, 2018 WL

10

8458862, at *7 (denying permissive intervention to stay or transfer the matter because it would unduly delay the adjudication of the parties' rights given the pending settlement).  If mediation efforts are successful, this action would be resolved, relief may be provided to the putative class, and the cost of litigation would be reduced.  Thus, intervention to transfer or stay would delay or deny efficient and effective mediation in this case.  Notably, this analysis would be different should mediation fail.  Currently, however—with potential resolution near—intervention is not favored.

> 3.  *Other Factors*

Last, the Court considers "any other relevant factors."  *Michigan*, 424 F.3d at 445 (citing *Michigan State AFL–CIO*, 103 F.3d at 1248).  Here, the Court returns to the case history.  When this case was in the Northern District of California, Movants and Plaintiff had an opportunity to cooperate in Movants' desired forum.  (Doc. 89 at 1–2).  That collaboration failed.  Additionally, Movants had an opportunity to resolve their cases through mediation.  (Doc. 71 at 3).  That mediation failed.  Plaintiff Echard and Wells Fargo have shown the Court a genuine desire to resolve the matter.  They deserve the opportunity.

*****

In sum, Movants have satisfied the threshold requirements for permissive intervention, but their purpose of commandeering the litigation would be too prejudicial to Plaintiff Echard and Wells Fargo.  Still, if mediation fails, the Court would be willing to reconsider the request.  The Motion is **DENIED without prejudice**.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Intervene and to Transfer or Stay (Doc. 71) is **DENIED without prejudice**.

IT IS SO ORDERED.


Date: April 25, 2022

/s/ Michael H. Watson
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE